ARTHUR W. AUSTIN *vs.* TRUSTEES OF THE CHARLESTOWN
FEMALE SEMINARY.

The omission of the court to appoint a guardian *ad litem* for an infant tenant in
common, who is made respondent in a petition for partition, does not make void
a judgment establishing partition : Such judgment is voidable ; but it can be avoided
by no one except the infant or his privies in blood.

Though a petition for partition describes more land than belongs to the tenants in
common, and though the commissioners, who make partition, may have set off to
the petitioner a larger portion of the land owned in common than they would
have set off, if the petition had truly described the land ; yet a judgment is not
void, which establishes the partition, as made by the commissioners.

B., owning one undivided sixth part of land, as tenant in common with others, one
of whom was an infant feme covert, filed a petition for partition, and the court,
after notice to the respondents, but without appointing a guardian *ad litem* for the
infant, rendered a judgment establishing partition of the land : The infant and her
husband afterwards made an entry on the land set off to B., and there executed
a deed of their right and title thereto, viz. one sixth part, to A., who had full
knowledge of the proceedings, as they occurred on the process for partition : A.
also, after the partition, took deeds, from other former tenants in common, of
four sixths of said land set off to B., and afterwards brought a writ of entry against
B. to recover five sixths of the land held by B. under the judgment for partition.
*Held,* that the action could not be maintained.

THIS was a writ of entry, sued out on the 14th of September
1843, to recover five undivided sixth parts of a tract of land in
Charlestown, in which the demandant counted on his own seizin
and a disseizin by the tenants within twenty years. The ten-
ants pleaded non tenure, and disclaimed as to a part described,
and *nul disseizin,* as to the residue. The demandant admitted
the disclaimer, and tendered the issue joined. Trial before
*Shaw,* C. J. who made the following report thereof :

The undisputed facts necessary to the understanding of the
case are these : Elisha Wheeler, being the owner of an estate
in Charlestown, bounding on Union Street, on the 27th of May
1820, made his will, which was proved and allowed on the 20th
of August 1824. By his will he devised the estate to Mary
Bowers, wife of Alexander Bowers, for life, with remainder to
those of her children who should be living at the time of his
decease. She had six children living at the decease of the
testator, who took each a vested remainder in one sixth, expect-
ant upon the termination of the life estate of their mother, who

died in 1836. Henry Bowers, one of the six, died in 1829, without issue, and thereupon his father, Alexander Bowers, took the one sixth as heir to his son. The estate of Alexander Bowers was levied upon by various creditors, who, by such levies, took his whole estate, and subsequently conveyed the same, by various deeds, to Arthur W. Austin, the demandant, who, by his deed, dated April 8th 1839, conveyed the same one sixth to the tenants, described as one sixth part of the estate devised by Elisha Wheeler to Mary Bowers, which one sixth descended to Alexander Bowers. The demandant afterwards, and after the partition mentioned hereinafter, acquired the other five sixth parts of the said devised estate, by various conveyances from the parties who were named as respondents in the petition for partition hereinafter mentioned, all which were thus acquired before the commencement of this action ; and in virtue of this title he claimed to recover the five sixth parts of the demanded premises.

The tenants claimed to be sole seized, by virtue of a judgment in partition, by which the demanded premises were set off to them to hold in severalty. They offered in evidence a judgment of this court, at October term 1840, rendered on their petition for partition, in which it was conceded, by the demandant, that the demanded premises, being the part not disclaimed, were set off to them. Their said petition was filed at Greenfield, in the county of Franklin, September 2d 1840, setting forth their title in fee to one undivided sixth part of the lands therein described, as tenants in common with Henry Foster of Charlestown, owner of two sixth parts, and the several owners of three other sixth parts, to wit, Alfred Curtis of New York, and Mary his wife, in her right, Huber V. Raymond of Mobile, (Alab.) and Catherine his wife, in her right, and Royal Preston, (whose residence was averred to be unknown,) and Ellen A. his wife, in her right ; and thereupon this court passed an order returnable at the October term of this court in this county, 1840, directing personal notice to be given to said Foster, and that said petition and the order thereon should be published in two newspapers, viz. the semi-weekly Advertiser, printed in Boston, and

17 *

the New York Spectator, printed in the city of New York; which order was duly complied with. At that term, the petition was entered, no person appearing to traverse the seizin, as set forth in the petition, either in whole or in part. Whether there was any general appearance for the respondents or any of them, or for any and what purpose, was a question controverted by the parties, and, if judged by the court to be material, is to be determined by the inspection of the docket or by any other evidence, if the court think it admissible.

At the same term of the court, (October 1840,) such proceedings were had, that a judgment was rendered for the petitioners to have partition as prayed for. On the 11th of November 1840, a commission was issued to William Wyman, Thomas Hooper and Timothy Fletcher, reciting the proceedings, describing the land to be divided, as it was described in the petition, and authorizing and requiring them to set off one sixth part to the petitioners, to hold in severalty; and on the 14th of November 1840, they made their return, that they had set off the demanded premises to the petitioners to hold in severalty This return was accepted by the court, and a judgment rendered thereon, confirming said partition.

The present demandant had notice of said judgment, and all the proceedings therein, as they occurred.

The present demandant acquired, in the manner already stated, the other five sixths of the estate devised to Mary Bowers, being the remainders to the five children of Mary Bowers, other than Henry. The last one sixth was so acquired by a deed from Royal Preston and Ellen A. Preston, his wife; the said Ellen being the youngest daughter of said Mary Bowers; which deed was executed on the premises, by Henry D. Austin, as the attorney of said Preston and wife; said attorney having made an entry on the premises for said Royal and Ellen A.

The demandant proposed to show that this partition was wholly null and void, and left the parties still tenants in common, in the same manner as if no such partition had been made; and this upon several grounds. 1st. The demandant alleged, and offered to prove, that the petition for partition did

not make a true representation of the estate held in common, in which they claimed to be interested, and of which they prayed partition ; but that the petition included a parcel of land on the east side of the estate devised to Mary Wheeler ; that whilst in truth they had title to one sixth part only of the estate devised by Wheeler to Mary Bowers, yet that they set forth and described the parcel in question, which was not parcel of the land devised.    This might have been done by mistake, and probably arose in this way, viz. that the said Mary Bowers, whilst she held the land devised to her as an estate for life, acquired an adjoining lot by purchase, and, for her own convenience, enclosed the strip in question, to be used and occupied with her estate for life.    As the warrant to the commissioners followed the petition, and the return followed the warrant, it was contended by the demandant, that the petitioners obtained a larger share of the common property than they were entitled to have. 2d.  The demandant alleged, and offered to prove, that Preston and his wife, and Curtis and his wife, and Raymond and his wife, who were respectively entitled to one undivided sixth part each, were out of the Commonwealth, and had no actual notice of the pendency of the petition ; and therefore he contended that it was void as to them.    3d.  He also alleged, and offered to prove, that said Ellen A. Preston, wife of Royal Preston, was a minor under the age of twenty one years, and that, in the said proceedings in partition, no guardian was appointed for her, pursuant to the Rev. Sts. c. 103, § 13, and therefore that the partition was void.    4th.  And the demandant contended further, that the partition was void as against Foster, who had acquired two undivided sixth parts in the estate, although he was within the Commonwealth ; because it was made upon a wrong basis, and that basis was furnished by the petitioners.

Upon these several objections to the partition, in support of which proof was offered, it was ruled as follows :    1st.  That the judgment in partition was conclusive evidence against all persons, of full age, having actual or constructive notice of the pendency of the petition ; that the petitioners were interested as tenants in common, and in the proportions stated ; that if the

respondents intended to deny the petitioners' title in whole or in part, they should have appeared and traversed, and that if they had not done so, or if, on trial, it had been found against them, it was conclusive ; that such persons, and all those claiming under them, were parties or privies to the judgment, and could not impeach it in a collateral proceeding, by evidence tending to show that it was wrong; that according to this principle, Foster, who was present and had actual notice of the petition, and those claiming under him, were bound by the judgment 2d. As to Raymond and Curtis, who were out of the Common wealth, and had, as it is alleged, no actual notice of the petition inasmuch as the court, pursuant to the statute, ordered such notice as they judged necessary, and as it appeared that such notice was given as ordered, this was constructive notice, and rendered the partition valid, and the judgment binding on them and those claiming under them : That although there is a provision in Rev. Sts. *c.* 103, § 34, that when a part owner is out of the Commonwealth at the time of the partition, he may have a revision within a certain time, if the partition is unequal, this has no bearing upon the present case, in which the demandant seeks to show the former partition wholly null and void. 3d. As to Mrs. Preston, if she was a minor at the time of the pendency of the petition for partition, and no guardian was appointed for her, although she had a husband living at the time, she would not be bound by the judgment, if she chose to come in, after coming of age, to set it aside : Yet that this was a personal privilege of the minor, and as she did not come in to impeach it, but, on the contrary, conveyed away all her title and interest in the estate, by a joint deed executed by herself and her husband, to the demandant, who took it with full notice of the judgment, he could not now impeach it, and set it aside on account of her minority.

The judge being of opinion that the judgment of partition was conclusive upon the present demandant, and that all the evidence offered to impeach and invalidate it was inadmissible, it was accordingly rejected. Whereupon the demandant became nonsuit, subject to the opinion of the whole court upon the questions of law reserved.

Judgment to be entered for the tenants, on the nonsuit, if said evidence was rightly rejected, and if said rulings and decisions were right; otherwise, the nonsuit to be taken off, and a new trial had.

The case was argued at Boston, January 23d 1844.

*B. R. Curtis*, for the demandant. The judgment on the petition for partition was erroneous and void. By the common law, infants cannot be parties to suits, without the appointment of a guardian, and a judgment does not bind them, if no guardian appears of record. Bac. Ab. Infancy and Age, K. 2. And this principle is applicable to the process for partition. *Gallatian* v. *Cunningham*, 8 Cow. 365, per Woodworth, J. *Sharp* v. *Pell*, 10 Johns. 486. *Matter of Stratton*, 1 Johns. 509. By the Rev. Sts. *c.* 103, § 13, the court may (that is, ought to) appoint a guardian for an infant who is interested in the premises of which partition is sought; and § 33 declares who shall be conclusively bound by the final judgment in partition, viz. " all parties and privies to the judgment, including all persons who might by law have appeared and answered to the petition." In *Cook* v. *Allen*, 2 Mass. 470, Parsons, C. J. says that the parties who are bound by the judgment are " all persons who might have been parties on the record, but from their own laches." See also *Colton* v. *Smith*, 11 Pick. 311. No laches is imputable to an infant for not appearing; for he has no capacity to appear nor to claim an appeal. *Knapp* v. *Crosby*, 1 Mass. 479. Bac. Ab. *ubi sup. Valier* v. *Hart*, 11 Mass. 300. And this doctrine is not varied by the fact that an infant has an adult husband. Bac. Ab. Infancy and Age, I. 7. *Perrot's case*, 2 Vent. 30.

The judgment in question cannot be avoided by writ of error, because a petition for partition is not a common law process ; nor by *certiorari*, because the proceeding was in this court. The only remedy, in this case, was to aver the nullity of the judgment, when it was offered in evidence. *Smith* v. *Rice*, 11 Mass. 513. *Colford* v. *Platt*, Cro. Jac. 464. *Jackson* v. *Brown* 3 Johns. 459.

This demandant may aver the nullity of the judgment. The power of attorney, executed by Preston and wife, was good, and

their attorney entered on the land, and there made the deed to the demandant; so that there was a reseizin. Com. Dig. Enfant, C. 9. The infant has herself taken advantage of her infancy, and has conveyed to the demandant; so that he is not taking advantage of another's infancy.

The demandant's title is not impaired by his having notice of the partition. A grantor's title is not affected by the grantee's knowledge.

The Rev. Sts. *c.* 103, § 43, and the construction given to that section in *Nichols* v. *Smith,* 22 Pick. 316, seem to show that the partition in question was not conclusive as against the infant party.

*J. Dana,* for the tenants. The judgment in partition, in this case, bound the infant party. She had a husband of full age, who had the same notice of the process as the other parties thereto. And as the Rev. Sts. *c.* 103, § 13, only provide that " the court *may* assign a guardian for the suit for any infant who is interested in the premises," it was *discretionary* with the court, whether to assign a guardian, or not.

At most, the judgment was voidable, not void. Co. Lit. 380 *b.* *Oliver* v. *Houdlet,* 13 Mass. 239. And if the infant could have avoided the partition, by entry or otherwise, yet the demandant, who had full knowledge of the proceedings, cannot avoid it; infancy being a personal privilege.

The 38th and 43d sections of *c.* 103 of the Rev. Sts., when construed with reference to each other, furnish no support to the demandant's present claim. No exception of infants is found in § 33, nor in any other part of the chapter. Their rights are left to the care of the court.

WILDE, J. This is a writ of entry to recover the possession of five undivided sixth parts of the premises described in the demandant's count. The defence is, that the tenants are solely seized by virtue of a judgment of this court on a petition for partition, whereupon the demanded premises were set off to them in severalty. The principal objection, made at the tria. of the cause, to the validity of this judgment was, that Ellen A. Preston, the wife of Royal Preston, one of the tenants in com-

mon, was under the age of twenty one years when the judgment was rendered, and that no guardian was appointed for her, as the law requires. It was contended that for this cause the judgment was not merely erroneous, but absolutely void. But the cases cited by the demandant's counsel do not sustain the doctrine contended for. The decision in *Gallatian* v. *Cunningham*, 8 Cow. 365, has no bearing upon it. The point decided in that case was, that the sale by the guardian of a minor, which was set up in that case, was void, or was voidable, and that its validity might be impeached. It is true, that some of the remarks of one of the learned judges who delivered opinions in that, case may seem to support the doctrine maintained by the demandant's counsel ; but these remarks have no authority, beyond the respect due to the *dicta* of a learned judge, in which, however, we cannot concur, if they are to be understood as laying down the broad principle, that the judgment of a court, where the proceedings are not in all respects conformable to the requisitions of a statute, is void and may be treated as a nullity. We do not, however, understand the learned judge as maintaining any such principle. Such judgments are voidable by writ of error, but not void. Bac. Ab. Infancy and Age, I. 2. Co. Lit. 380 *b*. The question then is, whether the judgment for partition had been avoided before the conveyance from Preston and his wife to the demandant. Voidable acts by an infant, or matters of record done or suffered by him, can be avoided by none but himself or his privies in blood, and not by privies in estate ; and this right of avoidance is not assignable. Bac. Ab. Infancy and Age, I. 6. *Whittingham's case,* 8 Co. 43.

It has been argued that the judgment was avoided by the entry on the land by the attorney of Preston and his wife ; and *Perrot's case*, 2 Vent. 30, is cited, in which it was held that a fine levied by a married woman, she being an infant, might be set aside upon motion, because "perhaps the husband would not suffer the bringing or proceeding a writ of error." But this reason does not apply to the present case, as the entry, on which the demandant's counsel relies as an act of avoidance, was authorized by the husband. It cannot therefore be pre-

sumed that he would not permit a writ of error to be brought for the same purpose.

In *Holford* v. *Platt,* Cro. Jac. 464, it was decided by a majority of the court, that a recovery against an infant, by default, might by the infant be avoided, in another action, by plea. But the ground of the decision was, that he was not entitled to a writ of error. Haughton, J. dissented, being of opinion that he was entitled to a writ of error. In *Smith* v *Rice,* 11 Mass. 507, the tenant relied on a partition made by order of the probate court, and the case was decided on the ground that a writ of error did not lie to the probate court.

These cases, therefore, do not support the doctrine now contended for by the demandant's counsel, namely, that a party to an erroneous judgment may be allowed to impeach and avoid it by matters *in fait;* a doctrine clearly opposed by all the authorities. Co. Lit. 380 *b.* 1 Rol. Ab. 742. *Ailet* v. *Watless,* Style, 246. The doctrine laid down or recognized in the cases cited is, that a party to an erroneous judgment, who is not entitled to a writ of error to reverse it, may avoid it, on motion, or by a plea, in a court of competent jurisdiction. So infants may avoid recognizances and statutes entered into by them, by *audita querela.* Bac. Ab. Infancy and Age, I. 7. But where a party is entitled to a writ of error to reverse an erroneous judgment, it cannot be avoided in any other way.

But another decisive objection to the demandant's title is, that Preston and his wife had no right to avoid the judgment of partition. If, instead of entering on the premises, they had brought an action to recover possession, it could not have been maintained against the tenants. Preston and his wife were jointly seized in the right of the wife; but in law they are considered as one person, the wife being, as it were, merged in her husband. He had the right of possession and occupation, and to take the rents and profits to his own use. He had a freehold estate, which he might sell and dispose of, or it might be taken on execution as his property; and the purchaser or execution creditor would have a good title against the wife, during coverture, and against her heirs, if the husband should survive,

he being tenant by the curtesy. Now it is clear that the parti·· tion is valid against the husband.

It was objected, that a parcel of land was included in the partition, to which the tenants in common had no title But this did not render the partition void, nor indeed voidable. But if it were voidable, it could only be avoided by a writ of error. Preston, therefore, could not maintain an action to recover possession, either in his own name, or by joining with his wife. The judgment is a good bar against him ; his right and title vested, by the partition, in the tenants, and they have a good· title to the possession.

Some other objections to the tenants' title were made at the trial, which were overruled, for reasons which are satisfactory ; and in arguing the exceptions, they were not relied on by the demandant's counsel. *Judgment on the nonsuit.*